# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| SHANCE DALTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 16-cv-02161 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MOTION TO STAY PROCEEDINGS OR CONTINUE FILING DEADLINES

COMES NOW the United States of America, by James A. Lewis, United States Attorney for the Central District of Illinois, and Assistant United States Attorney, Bryan Freres, and hereby requests that the Court stay these proceedings pending the Supreme Court's decision in *Beckles v. United States*, Case No. 15-8544, which is scheduled for oral argument on November 28, 2016. Additionally and / or alternatively, the United States asks that the Court continue the filing deadlines and set a briefing schedule to allow petitioner's counsel to file an opening memorandum, as is traditional in cases where a petitioner has appointed counsel.

1.   On June 10, 2016, petitioner Shance Dalton filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docs. 1, 3). The motion raises essentially one issue: what impact, if any, does the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), have on petitioner's status as a Career Offender under the United States Sentencing Guidelines?

Specifically, petitioner now argues his two prior convictions for aggravated battery of a peace officer no longer qualify as crimes of violence under the guidelines post-*Johnson*. It has long been the United States' position that the *Johnson* decision does not apply retroactively on collateral review to allow for new (or renewed) collateral challenges to a Career Offender designation. This issue is before the Supreme Court right now, and will be argued on November 28 in *Beckles v. United States.*

2. Petitioner pled guilty to distributing 5 grams or more of cocaine base on October 26, 2006. He was designated a Career Offender and sentenced to 262 months of imprisonment. The Career Offender designation was based upon three prior convictions: (1) aggravated battery of a peace officer (Champaign County Circuit Court, case number 97-CF-445); (2) aggravated battery of a peace officer (Champaign County Circuit Court, case number 97-CF-1115); and (3) possession with intent to deliver a controlled substance (Champaign County Circuit Court, case number 99-CF-31). Just before his federal sentencing, petitioner was also convicted of murder in state court and sentenced to 20 years of imprisonment (Champaign County Circuit Court, case number 07-CF-363). The murder conviction was ordered to be served concurrently with the federal conviction, and the earliest possible parole date for the murder conviction is March 4, 2017.

3. There are several procedural hurdles petitioner must overcome before the Court should reach the merits of his argument. The first question that must be answered (before the Court even considers procedural hurdles such as waiver and default, much less the merits of the claim) is whether *Johnson* applies retroactively on

collateral review. If the answer to that question is no, then petitioner's motion should be categorically denied. The Supreme Court is about to decide that issue. Given that petitioner will still be in custody for the murder conviction until March of 2017 at the earliest, regardless of this Court's ruling in the present case, there is no prejudice in staying this proceeding to allow for the Supreme Court's guidance on this issue.[1] Therefore, the United States respectfully requests that this Court stay this proceeding pending the Supreme Court's resolution of *Beckles v. United States*.

4. Alternatively, the United States requests that the Court continue the current deadlines and set this for a more typical briefing schedule. Petitioner has appointed counsel. However, the only motion on file is the basic paperwork filed in every § 2255 case. Rather than have the United States (and later this Court and the Seventh Circuit) guess about what issues the petitioner is asserting, it behooves the Court to have a full briefing on all potential issues by competent counsel for both sides. Petitioner risks defaulting or waiving arguments he does not present, and therefore it behooves him as well to delay the current deadlines to allow for more traditional briefing.

---

[1] Petitioner is a convicted murderer, and as such, he has a demonstrated history of being a very serious danger to the community. If this Court were to grant the present motion and order that petitioner be released while *Beckles* is still pending, there is a risk that the Supreme Court could disagree and find *Johnson* inapplicable in this situation, and the Court would then have released a defendant with demonstrated violent tendencies who is still under a lengthy prison term back into the public. It behooves everyone, even the petitioner, to take our time and allow the Supreme Court (and even petitioner's attorney, as noted in paragraph four) to fully weigh-in on this case before making any judgment in the face of current uncertainty.

## CONCLUSION

For the reasons stated herein, the United States respectfully requests that the Court stay this proceeding pending the Supreme Court's ruling in *Beckles v. United States*. Additionally and / or alternatively, the United States further requests that the Court continue this and order a more traditional briefing schedule to allow petitioner's counsel to file a memorandum and raise all issues he wishes to present. Finally, if the Court is not inclined to stay this proceeding or continue it for more traditional briefing, the United States asks for a continuance of 21 days or more to file its response in opposition.

Respectfully submitted,

JAMES A. LEWIS
UNITED STATES ATTORNEY

*/s/ Bryan D. Freres*
Bryan D. Freres
U.S. Attorney's Office
201 S. Vine St., Suite 226
Urbana, IL   61802
Telephone: 217/373-5875
Bryan.Freres@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on November 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Abby Lynn Sgro.

*/s/ Bryan D. Freres*