IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHANCE DALTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 16-2161 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Petitioner Shance Dalton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) and an amended motion (d/e 3) (collectively referred to as the § 2255 Motion). Because Petitioner is not entitled to relief, the § 2255 Motion is DENIED.

## I. BACKGROUND

**A. Procedural Background Pertaining to the Underlying Criminal Case**

In late 2006, Petitioner pled guilty to distributing five grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1)

and § 841(b)(1)(B) pursuant to a plea agreement. See United States v. Dalton, 06-20019 (hereinafter, Crim.). As part of the plea agreement, Petitioner waived his right to appeal and collaterally attack his conviction and sentence. Crim., Plea Agreement (d/e 14).

The Probation Office prepared a Presentence Investigation Report (PSR). Crim., PSR (d/e 22). The PSR reflected that Petitioner qualified as a career offender under United States Sentencing Guidelines § 4B1.1 based on two prior convictions for a crime of violence (aggravated battery, Champaign County Circuit Court, Case Nos. 97-CF-445 and 97-CF-1115) and one prior conviction for a controlled substance offense (Champaign County Circuit Court, Case No. 99-CF-31). Id. ¶ 25; see also U.S.S.G. § 4B1.1 (2006) (providing that a defendant is a career offender if he is at least 18 years old when he committed the instant offense, the instant offense is a felony that is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense). It is unclear whether the Court found that the convictions qualified under the elements clause of the career offender guideline or the residual clause. Compare U.S.S.G.

§ 4B1.2(a)(1) (2006) (defining a crime of violence to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another") with §4B1.2(a)(2) (defining a crime of violence to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another").

In light of the career offender designation, Petitioner's advisory sentencing guideline range was 262 to 327 months. Crim., PSR ¶ 70. The statutory minimum sentence was 120 months and the maximum term was life. Id. ¶ 69 (citing 21 U.S.C. § 841(b)(1)(B)). In April 2007, former United States District Judge Michael P. McCuskey sentenced Petitioner to 262 months' imprisonment to run concurrently with Petitioner's state conviction in Champaign County Case No. 07-CF-363. Crim., Judgment (d/e 25).

In February 2008, the Government filed a Motion for Hearing to Determine Whether Defendant Violated Terms of Plea Agreement. Crim., Mot. (d/e 27). In May 2008, following a hearing, Judge McCuskey found that Petitioner had violated the terms of the plea agreement by failing to provide complete and truthful information regarding other criminal activity. Crim., May 29, 2008 Minute

Entry; May 29, 2008 Tr. at 19 (d/e 47). The Court voided the plea agreement, stated that Petitioner could not withdraw his guilty plea, and set the matter for resentencing. Id. On July 31, 2008, Judge McCuskey vacated the original judgment and resentenced Petitioner to 441 months' imprisonment, to run concurrently with the state conviction in Champaign County Case No. 07-CF-363. Crim., Text Order of July 31, 2008; Judgment (d/e 40) (judgment dated August 1, 2008). Petitioner appealed. In November 2009, the Seventh Circuit entered an order granting the Government's motion to vacate the district court's decision, stating:

> This case is remanded to the district court with instructions to vacate the order entered on July 31, 2008, vacating [Petitioner's] original sentence, and the judgment entered on August 1, 2008, imposing the new sentence. The district court lacked jurisdiction to alter [Petitioner's] sentence. See United States v. Lawrence, 535 F.3d 631, 637 (7th Cir. 2008).

Crim., Mandate (d/e 56). On remand, Judge McCuskey vacated the order entered July 31, 2008, which had vacated Petitioner's original sentence, and vacated the judgment entered August 1, 2008, which had imposed a new sentence. Crim. Text Order of December 8, 2009. The Court did not appoint counsel to represent Petitioner and did not hold a new sentencing hearing. On January 29, 2010,

the Court entered an Amended Judgment, noting that the judgment dated August 1, 2008 was vacated pursuant to the Seventh Circuit's mandate and that the original judgment dated April 24, 2007 was reimposed. Crim., Am. Judgment (d/e 60).

**B.    Background Pertaining to Petitioner's § 2255 Motion**

In June 2016, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act is unconstitutionally vague). See d/e 1 (filed June 14, 2016), d/e 3 (filed June 21, 2016). Petitioner argued that his Illinois aggravated battery convictions no longer qualified as crimes of violence for purposes of the career offender guideline. The Court appointed counsel to represent Petitioner. The Government does not dispute that Petitioner's aggravated battery convictions, which were under the "insulting and provoking" prong of the Illinois statute, no longer qualify as crimes of violence.[1] Resp. at 5 (d/e 12);

---

[1] The Seventh Circuit has held that the Illinois aggravated battery offense of making insulting or provoking contact with a peace officer does not qualify as a violent felony under the residual clause of the Armed Career Criminal Act. <u>United States v. Hampton</u>, 675 F.3d 720, 730-31 & n.2 (7th Cir. 2012) (also noting that the case law interpreting "crime of violence" in the career offender

see also (d/e 17) (copies of the charging documents for Petitioner's aggravated battery convicitons).

After Johnson was decided, courts considered whether Johnson applied to invalidate the identically worded residual clause in the career offender guideline, § 4B1.2(a)(2). In August 2016, the Seventh Circuit held that it did. United States v. Hurlburt, 835 F.3d 715, 725 (7th Cir. 2016) (applying Johnson and holding that the residual clause in § 4B1.2(a)(2) is unconstitutionally vague).

On March 6, 2017, the United States Supreme Court decided Beckles v. United States, 137 S. Ct. 886 (2017). The Supreme Court held that the "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause" and the residual clause in § 4B1.2(a)(2) is not void for vagueness. Id. at 890 (also abrogating Hurlburt). The Court directed the parties to file briefs addressing the effect of Beckles on this case.

In his brief, Petitioner argues that Petitioner's enhancement is significantly vaguer than the enhancement applied in Beckles;

---

guideline and "violent felony" in the Armed Career Criminal Act is interchangeable); see also United States v. Evans, 576 F.3d 766 (7th Cir. 2009) (holding that making insulting or provoking contact with a pregnant woman under the Illinois aggravated battery statute was not a crime of violence under the elements clause or residual clause of the career offender guideline) (decided while Petitioner's direct appeal was pending).

Petitioner was not appointed counsel when he was resentenced in January 2009 and could not dispute his career offender status on direct appeal; Beckles does not apply retroactively; Petitioner can demonstrate prejudice; and Petitioner's claim was not possible prior to Johnson. See Brief (d/e 16).

The Government argues that Beckles forecloses Petitioner's Johnson-based challenge to his career offender designation. Brief (d/e 14). The Government further argues that any other claim is untimely because the § 2255 Motion was filed well beyond one year from the date of Petitioner's final conviction and no intervening precedent allows for a retroactive review of Petitioner's sentence. Id. The Government also argued in its initial response to the § 2255 Motion (d/e 12) that a guideline calculation error is not correctable in a collateral attack.[2]

## II. ANALYSIS

---

[2] The Government raised additional arguments in the initial response but, in light of this Court's disposition of the case, the Court need not address those other arguments.

A one-year period of limitation applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). The timeliness of each claim must be considered independently. Davis v. United States, 817 F.3d 319, 327 (7th Cir. 2016).

In this case, the only two possible dates from which the one-year period began to run are the dates provided under § 2255(f)(1) and (f)(3) because Petitioner does not allege any government action prevented him from making a motion (§ 2255(f)(2)) or that he

recently discovered, through the exercise of due diligence, facts supporting the claim (§ 2255(f)(4)).

Petitioner's conviction became final at least sometime in 2010, after the Seventh Circuit remanded the case with instructions and the Court reimposed the original sentence.  Petitioner's § 2255 Motion filed in June 2016 was clearly filed beyond one-year from the date the conviction was final.

The other possible date for calculating the one-year period is the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Petitioner asserts that the § 2255 Motion is timely because he filed the Motion within one year of the date Johnson was decided.  Petitioner essentially argues that, if the residual clause is void for vagueness under Johnson, then Mathis v. United States, 136 S. Ct. 2243 (2016) (holding that a statute is considered divisible only if it creates multiple offenses by setting forth alternative elements) applies and demonstrates that Petitioner's aggravated battery convictions do not qualify as crimes of violence under the career offender guideline.

However, even if the § 2255 Motion is timely pursuant to Johnson, Petitioner is not entitled to relief under Johnson. Beckles held that the advisory guidelines are not subject to a vagueness challenge under the Due Process Clause because the advisory guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Beckles, 137 S. Ct. at 892. Because the residual clause is not void for vagueness, Petitioner is not entitled to relief under Johnson.

In addition, Petitioner has not argued, much less shown, that Mathis, decided June 23, 2016, restarts the one-year limitation period. Nonetheless, Mathis did not articulate a new right for purposes of § 2255(f)(3). See Davis v. United States, No. 2:13-CR-46-JRG-8, 2016 WL 7234762, at *2 (E.D. Tenn. Dec. 13, 2016) (holding that Mathis "involved application of the categorical approach first adopted by the Supreme Court in Taylor [v. United States, 495 U.S. 575 (1990)] and refined in the Descamps [v. United States, 133 S. Ct. 2276 (2013)] decision to a new set of facts" and did not articulate a new right for purposes of § 2255(f)(3)); Dimott v. United States, No. 2:06-cr-26-GZA, 2:16-cv-347-GZS, 2016 WL

6068114, at *3 (D. Maine Oct. 14, 2016) (<u>Mathis</u> does not trigger a new one-year period for habeas relief under § 2255(f)(3)); <u>but</u> <u>see</u> <u>Staples v. True</u>, 2017 WL 935895 (S.D. Ill. March 8, 2017) (involving a motion brought under 28 U.S.C. § 2241 and stating, in what appears to be dicta, that the petitioner may fail in showing that relief under § 2255 is inadequate because the petitioner was still within a year of the date <u>Mathis</u> was decided). Therefore, Petitioner cannot use <u>Mathis</u> to bring a timely § 2255 motion challenging whether his Illinois aggravated battery convictions qualify as crimes of violence under the career offender guideline.

In addition, deviations from the Sentencing Guidelines are generally not cognizable under 28 U.S.C. § 2255. <u>See</u> <u>Welch v. United States</u>, 604 F.3d 408, 412 (7th Cir. 2010). A petitioner is entitled to relief under § 2255 if he establishes that his sentence violates the Constitution or laws of the United States, the court was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The Seventh Circuit has held that the erroneous determination that the petitioner was a career offender was not a cognizable error under § 2255 after the

Guidelines were made advisory.  Hawkins v. United States, 706 F.3d 820 (7th Cir. 2013), opinion supplemented on denial of reh'g, 724 F.3d 915 (7th Cir. 2013).

In Hawkins, the petitioner qualified as a career offender based on two prior felony convictions for walkaway escape.  Id. at 821.  Three years after the district court resentenced the petitioner under the advisory Guidelines, the Supreme Court held that an escape that takes the form of a failure to report did not constitute a violent felony within the meaning of the Armed Career Criminal Act.  Id. at 822 (citing Chambers v. United States, 555 U.S. 122, 127-30 (2009)).  The Hawkins court noted that a walkaway escape was similar to a failure to report and, in light of Chambers, was not a violent felony under the Armed Career Criminal Act or the similarly worded career offender guideline.  Id. at 822.  Thereafter, the petitioner filed his first collateral attack under § 2255, arguing that he no longer qualified as a career offender.  Id. at 822.  The district court denied the motion.  Id.

The Seventh Circuit affirmed.  The court reasoned that, after United States v. Booker, 543 U.S. 220 (2005), the Guidelines are not binding on the district court and "the judge may not even

presume that a sentence within the applicable guidelines range would be proper." Id. (emphasis in original). The judge must independently determine the appropriate sentence pursuant to 18 U.S.C. § 3553. Id. at 823. While recognizing that the Guidelines remain influential, and that the district court may have imposed a lower sentence had Chambers been decided earlier, the Seventh Circuit noted that the district judge would not have been required to give the petitioner a lower sentence. Id. at 824. Balancing the interest in finality against the injustice of a possibly mistaken sentence, the Seventh Circuit concluded that:

> [W]e don't think that a sentence that is well below the ceiling imposed by Congress whether directly or by delegation to the Sentencing Commission should, as Hawkins argues, be considered a "miscarriage of justice" that can be collaterally attacked, just because the judge committed a mistake en route to imposing it.

Id. at 824-25; see also United States v. Coleman, 763 F.3d 706, 708-10 (7th Cir. 2014) (reversing district court order vacating sentence where, although the sexual assault conviction could no longer form the basis for career offender status, the error was not cognizable in a § 2255 motion).

Here, the Court sentenced Petitioner under the advisory Guidelines to a sentence well below the statutory maximum sentence of life. The purported error in designating Petitioner a career offender is simply not cognizable on a § 2255 Motion. Because Petitioner is not entitled to relief under § 2255, his Motion is denied.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a certificate of appealability.

### IV. CONCLUSION

For the reasons stated, Petitioner Shance Dalton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

by a Person in Federal Custody (d/e 1) and amended motion (d/e 3) are DENIED. The Court denies a certificate of appealability. This case is CLOSED.

**ENTER: April 25, 2017**

**FOR THE COURT:**

    **s/Sue E. Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**